Case 2:22-cv-00208 Document 19 Filed on 11/28/22 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RUBEN AUMADA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:22-CV-00208 |
| § | |
| OFFICER GARCIA, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CASE WITHOUT PREJUDICE**

Plaintiff Ruben Aumada, appearing *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. At the time he filed this action, he was confined at the Nueces County Jail Annex in Corpus Christi, Texas. (D.E. 1). On the envelope containing the Original Complaint, Plaintiff listed his address as: Nueces County Jail Annex, P.O. Box. 1529, Corpus Christi, Texas 78403. (D.E. 1-2).

On September 29, 2022, the undersigned granted Plaintiff's application to proceed *in forma pauperis*. (D.E. 7). As part of this Order, the undersigned set forth that:

> The plaintiff must notify the Court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution.

(*Id.*, ¶ 10).

On September 30, 2022, the undersigned issued an Order for More Definite Statement, directing Plaintiff to answer several questions or directives on or before October 31, 2022. (D.E. 9). The undersigned warned Plaintiff that his Original Complaint was deficient and that his failure to comply with the September 30 Order would result in the dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.* at 3).

On October 4, 2022, the Court received Plaintiff's Notice of Change of Address (Notice). (D.E. 10). At the top of the one-page Notice, Plaintiff listed the following address: 4118 Bray, Corpus Christi, Texas, 78413. Plaintiff then listed the Nueces County Jail Annex address under the words "Notice of address changed." (*Id.*). Based on his Notice, the Clerk of Court changed Plaintiff's current address on the docket to: 4118 Bray, Corpus Christi, Texas, 78413. However, it was not entirely clear from Plaintiff's Notice whether Plaintiff's current address should be listed on the docket as the Nueces County Jail Annex address or the 4118 Bray address. No envelope was docketed with the Notice of Change of Address to indicate from where Plaintiff placed the Notice in the mail. Court records reflect that the September 30 Order mailed to Plaintiff at the 4118 Bray address was returned as undeliverable. (D.E. 12, 13, 14).

Out of an abundance of caution, the undersigned entered an Order on November 4, 2022, directing the Clerk of Court to send copies of the September 29 Order (D.E. 7), the September 30 Order (D.E. 9), and November 4 Order (D.E. 15) by certified mail to Plaintiff at the following two addresses: (1) Nueces County Jail Annex, P.O. Box. 1529, Corpus

Christi, Texas 78403; and (2) 4118 Bray, Corpus Christi, Texas, 78413. The undersigned further ordered Plaintiff to show cause on or before November 21, 2022 why this action should not be dismissed for want of prosecution. *See* Fed. R. Civ. P. 41(b). (D.E. 15, pp. 2-3). The undersigned instructed Plaintiff that he would successfully comply with the November 4 Order by filing a notice of his current mailing address and his More Definite Statement in response to every question or directive posed to him in the September 30 Order. (*Id.* at 3). Plaintiff was warned that his failure to timely comply with the November 4 Order would result in the undersigned recommending to the District Judge that this case be dismissed for want of prosecution. (*Id.*)

A district court has authority to dismiss a case for want of prosecution and/or for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute). The record reflects that the November 4 Show Cause Order mailed to Plaintiff at both the 4118 Bray address and the Nueces County Jail Annex address have been returned as undeliverable. (D.E. 17, 18). Plaintiff otherwise has not complied with the November 4 Show Cause Order by submitting either a notice of his new address or a More Definite Statement in a timely fashion. Because Plaintiff has repeatedly failed to follow Court orders, dismissal of this case is warranted.

Accordingly, the undersigned respectfully recommends that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

Respectfully submitted on November 28, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).